Mr. Chief Justice Shaíucey
delivered the opinion of the court.
Grant, as sheriff, had executions in his hands against one Jones, which he levied on two town lots, and the complainants became the purchasers at $3005, and so indorsed on the executions. They failed to pay their bid, whereupon he sued them at law and recovered judgment in the circuit court, which was brought to this court and affirmed. 5 S. & M. 508. They now file this bill for relief against that judgment, and allege that Jones had but a lease on the lots for ninety-nine years, and that he had parted with his interest before the sale, so that he had nothing which the sheriff could sell, and they have therefore acquired no title whatever; hence they ask to be relieved against the judgment, on the ground that they were not apprized of these facts until a few days before the filing of the bill.
Grant sold under three executions, one in favor of Sims, on a judgment rendered 19th of June, 1838, the other two on judgments rendered 9th of April, 1839.
Jones, it is alleged, had conveyed away half of his interest in the lots on the 28th of February, 1837. On the 19th of July, 1838, he made a conveyance of the whole of the interest, in *517 trust for the benefit of the Real Estate Banking Company, and on the 28th of February, 1839, he again conveyed the whole to Butterworth, in trust for the benefit of Ames.
On this state of facts, assuming all the conveyances to be valid, it is apparent that when the first judgment was rendered against Jones, he held but a moiety of the lots. When the other judgments were rendered, he had disposed of the whole interest in trust. Why he conveyed away more than he had is a circumstance not explained.
In the first place, the parties cannot be heard to say they were ignorant of these conveyances, because they were all on record in the proper office in the county. This was constructive notice, and if they had not actual notice, the fault is theirs. The law fixes on them a knowledge of what they were buying.
As they bought under three judgments, if any one of them bound the property of Jones in the lots, it is sufficient to pass his interest to complainants. Sims’s judgment was older than the deeds of trust, though younger than Jones’s conveyance of the half of his interest in the lots to Porter. Jones, at the date of this judgment, was joint owner, and to that extent the complainants acquired title. As they are chargeable with notice of the several conveyances, the law supposes they made their bid in view of the true state of title, and agreed to give the amount bid for Jones’s interest in the lots. Caveat emjotor is the rule in such cases, and they cannot be permitted to say that they got less than they supposed they were buying.
To obviate this difficulty, it is now alleged that Sims’s judgment is paid. This may be true, and perhaps a presumption of payment would arise in regard to the others, as the sheriff charged himself by his return. But they do not say when or how it was paid. The bill is evasive in this particular. It can avail them nothing if this execution has been paid since the levy and sale. It is certain the sheriff sold under this execution, and the law presumes that he did his duty. If he acted illegally, and made a levy and sale under an execution which had been paid, the party who alleges a prejudice thereby must establish the fact.
*518 Again, it is said that Grant has paid none of these judgments, and that complainants have also become judgment creditors of Jones, by assignment, and that their judgment has priority of lien over all except the judgment of Sims, and that in equity they are entitled to have their own judgment satisfied out of the judgment of Grant against them. It is sufficient to say that their judgment was not levied, and even junior judgments are entitled to be satisfied out of the proceeds of a sale made under them. The plaintiffs in the executions under which the lots were sold, have a prior equity to the fund.
The case cited from 5 Cowen is not strictly applicable. The sheriff had then by mistake sold the property of one man, supposing it to belong to another; the court refused to interfere on motion, but said the proper remedy was in chancery. On the ground of mistake they were clearly entitled to relief, but there is no such feature in this case.
Decree affirmed, and bill dismissed.